UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JILLIANE HOBBS,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                Defendant.

Case No. 2:16-cv-00919-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 10, 2012, plaintiff filed an application for disability insurance benefits, and on October 31, 2012, she filed another one for SSI benefits, alleging in both applications that she became disabled beginning January 1, 2012. Dkt. 10, Administrative Record (AR), 12. Both applications were denied on initial administrative review and on reconsideration. *Id.* At a hearing

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

held before an Administrative Law Judge (ALJ), plaintiff, represented by counsel, appeared and testified, as did a vocational expert. AR 32-73. At the hearing, plaintiff amended her alleged onset date of disability to April 30, 2013. AR 12.

In a written decision dated September 24, 2014, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 12-24. On May 20, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner, which plaintiff then appealed in a complaint with this Court on June 16, 2016. AR 1; Dkt. 1-3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, arguing the ALJ erred:

    (1)    in evaluating the medical opinion evidence in the record;

    (2)    in assessing plaintiff's credibility; and

    (3)    in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the medical opinion evidence, and thus in finding plaintiff could perform other jobs, but finds remand for further administrative proceedings is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

ORDER - 2

evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.      The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical

ORDER - 3

opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An

ORDER - 4

examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A.   Dr. Thompson

In terms of the medical opinion evidence in the record, the ALJ found:

> Rodney Thompson, MD, the claimant's treating physician, completed a questionnaire regarding the claimant's functioning in which he opined that the claimant could sit for about 4 hours and stand/walk for about 4 hours in an 8 hour workday. Dr. Thompson opined that the claimant could frequently lift less than 10 pounds. Dr. Thompson opined that the claimant would be absent from work twice a month. Dr. Thompson also completed several evaluations for Washington State's Department of Social and Health Services (DSHS) in which he opined that the claimant could do sedentary work. The undersigned has considered Dr. Thompaon's opinion and gives it some weight to the extent that he opines that the claimant is able to work, given some limitations. However, after a careful review of the evidentiary record, the undersigned finds that the claimant is able to do less than the full range of light work, and is not quite as limited as Dr. Thompson suggests.

AR 21-22 (internal citations omitted). Plaintiff argues these reasons for rejecting the opinion evidence from Dr. Thompson are not valid. The Court agrees. Although the ALJ stated he came to his conclusion after a "careful review of the evidentiary record," he gave no indication as to what specific evidence he considered in coming to that conclusion. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

Defendant argues the ALJ "cited extensively to the medical record and to the evidence of Plaintiff's daily activities before he addressed the medical opinions." Dkt. 16, p. 15. The problem

ORDER - 5

is that the ALJ made no connection between his discussion of that evidence and his evaluation of the opinion evidence from Dr. Thompson. Thus, while as defendant points out – and as noted above – an ALJ may reject a treating physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings," the ALJ did not adequately state his interpretation thereof here. *Reddick*, 157 F.3d at 725. In addition, although the Court itself may draw "specific and legitimate inferences from the ALJ's opinion," the complete lack of such an interpretation leaves the Court without an adequate basis to do so. *Magallanes*, 881 F.2d at 755.

B.  Dr. Seville

Plaintiff also challenges the ALJ's following findings:

> Paul Seville, MD, a consultative physical examiner, opined that the claimant's maximum standing/walking capacity was limited to at least two hours. Dr. Seville opined that the claimant's maximum sitting capacity was limited to at least four hours. Dr. Seville indicated that the claimant's maximum lifting and carrying capacity was less than 10 pounds occasionally and frequently. Dr. Seville opined that climbing, balancing, stooping, kneeling, crouching, and crawling could be done on an occasional basis. Dr. Seville noted that the claimant should be limited in working at heights. Dr. Seville's opinion is given some weight; however, his opinion was based on a one-time evaluation of the claimant, and he did not have the benefit of reviewing subsequent medical records, including MRIs and x-rays that showed that while the claimant had some degenerative changes in her lumbar, thoracic, and cervical spine, these symptoms from these impairments were adequately managed with medications, and would not be quite as limiting as Dr. Seville's opinion would suggest.

AR 21 (internal citations omitted). Here too the Court agrees with plaintiff that the ALJ erred. As plaintiff points out, the mere fact that Dr. Seville examined plaintiff one time is not alone enough to discount the credibility of that opinion, since examining physicians in general see claimants on a one-time basis before opining as to their functional capacity. Nor does the medical evidence in the record necessarily show plaintiff's impairments were adequately managed with medications

ORDER - 6

after Dr. Seville issued his opinion. Rather, that evidence indicates plaintiff had continuing pain, tenderness, muscle spasm, and restricted range of motion, despite the presence of other medical records also indicating minimal findings at times. AR 386, 404-05, 485, 500, 502-04, 626-29, 631, 633-41, 643, 653-55, 661, 670-71, 674, 704-06. Accordingly, the ALJ's rejection of Dr. Seville's opinion cannot be said to be supported by substantial evidence.

II.		The ALJ's Step Five Determination

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case assessed the following RFC:

**to perform light work . . . with the following additional limitations. The claimant can frequently lift/carry 10 pounds. She can frequently reach, handle, finger, and feel. The claimant can lift her arms to shoulder height but not higher. She can perform unskilled, repetitive, routine work. The**

ORDER - 7

**claimant will be off task at work 9% of the time but will still meet minimum production requirements of the job. The claimant will be absent from work 1 time every 2 months.**

AR 17-18 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the medical opinion evidence in the record, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations.

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 23-24. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – also cannot be said to be supported

ORDER - 8

by substantial evidence or free of error.

III.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain in regard to the medical opinion evidence in the record, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

Plaintiff argues the evidence in the record supports a finding that she is limited to the full range of sedentary work, which given her age, education, and lack of transferrable skills, a determination of disability under the Commissioner's Medical Vocational Guidelines is warranted. Dkt. 12, p. 17 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 201.14). She further

ORDER - 9

argues that even if she does not meet those Guidelines, her limitations prevent her from working on a regular and sustained basis. In addition, plaintiff points to the testimony of the vocational expert that an individual who requires four 10 to 15 minute breaks per day in additional to lunch, is off pace or task more than 15% of the day, or misses more than one day of work per month could not be competitively employed. *Id.* (citing AR 68-69). Lastly, plaintiff notes that in terms of the jobs the vocational expert identified she could do, both require repeated or frequent use of the hands. *Id.* (citing AR 69).

Where the ALJ has failed "to provide adequate reasons for rejecting the opinion of a treating or examining physician," that opinion generally is credited "as a matter of law." *Lester*, 81 F.3d at 834 (citation omitted). On the other hand, remand for further proceedings is appropriate "when, even though all conditions of the [*Smolen*] credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).The Court finds that notwithstanding the ALJ's errors in evaluating the medical opinion evidence discussed above, serious doubt remains as to whether or not plaintiff is in fact disabled. This is because not only is it far from clear that the record as a whole supports the full range of limitations Drs. Thompson and Seville assessed, but that not all the additional limitations plaintiff cites are supported by the opinion evidence the ALJ improperly rejected. For example, Dr. Seville found no limitations on use of the hands, need for extra breaks, missing work days, or restrictions in pace. AR 378. As such, the Court declines to apply the credit as true rule, and instead finds remand for further administrative proceedings as opposed to an outright award of benefits is appropriate in this case.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined

ORDER - 10

plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 31st day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11